Filed 12/4/14  Zheng v. Wong CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| MING ZHENG,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>JEFF WONG,<br><br>    Defendant and Respondent. | B250654<br><br>(Los Angeles County<br>Super. Ct. No. BC474107) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Mary H. Strobel, Judge.  Affirmed.

Law Offices of Barry G. Florence, Barry G. Florence; Lee Law Offices, Thomas M. Lee; Law Offices of Choi & Associates and Edward W. Choi for Plaintiff and Appellant.

Prince & Heuer and Henry T. Heuer for Defendant and Respondent.

_____

Plaintiff Ming Zheng appeals from a judgment dismissing his wage and hour claims against Jeff Wong, the manager of the restaurant at which Zheng was formerly employed. On appeal, Zheng contends the trial court erred in concluding Wong could not be held personally liable as Zheng's employer under the Labor Code. We affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

From 2007 to 2011, Zheng worked as a delivery person at the Joy Feast restaurant. Jeff Wong was the restaurant manager and Zheng's boss. Wong set Zheng's work hours, told him how to do his job, and gave Zheng his pay in the form of a check and cash wages. The Joy Feast restaurant was owned by Chyn King, Inc., a corporate entity. Wong was instrumental in forming Chyn King and, at the time of trial, he was a stockholder in the corporation. Chyn King employed Wong as the manager of Joy Feast.

In November 2011, Zheng filed a complaint against Wong and Chyn King asserting claims for failure to pay overtime compensation and minimum wages, for violation of the unfair competition law, and seeking Labor Code penalties. The complaint alleged the defendants were agents of one another, and that there was a "unity of interest" between Wong and Chyn King, such that it would be fair and equitable to pierce the corporate veil and hold Wong personally liable for Zheng's claims. In December 2012, Zheng filed a notice of bankruptcy stay as to Chyn King, which had filed a bankruptcy petition. In February 2013, Zheng voluntarily dismissed Chyn King from the action. Despite the allegations in the complaint, Zheng did not pursue an alter ego theory.

Trial was bifurcated. The first phase concerned only whether Wong was Zheng's employer within the meaning of the Labor Code. Following the bench trial, the court ruled Wong was not Zheng's employer and entered judgment in favor of Wong. Zheng timely filed this appeal.

## DISCUSSION

Zheng contends the trial court erred in concluding Wong was not his employer within the meaning of the Labor Code. We disagree. We review the trial court's findings of fact for substantial evidence. However, we independently review purely legal questions and issues concerning the application of law to undisputed facts. (*Le v. Pham* (2010) 180 Cal.App.4th 1201, 1205-1206; *Steinman v. Malamed* (2010) 185 Cal.App.4th 1550, 1556.)

## I. The Trial Court Properly Concluded There Was No Legal Basis to Hold Wong Personally Liable for Alleged Labor Code Violations

As Zheng acknowledges, the California Supreme Court has considered the question of whether an individual who is a corporate agent may be held personally liable for failing to pay overtime or other wages under the Labor Code. In *Reynolds v. Bement* (2005) 36 Cal.4th 1075 (*Reynolds*), the court considered whether the plaintiff could state a cause of action for recovery of unpaid overtime compensation against individuals who were officers or directors and shareholders of the corporate entities that owned the business for which the plaintiff worked. (*Id.* at p. 1081.) The court concluded the relevant Industrial Welfare Commission (IWC) wage order that defines employer "does not expressly impose liability under section 1194 on individual corporate agents." (*Id.* at p. 1086.) The court determined that "employer" under section 1194 should be construed consistent the common law.[1] (*Id.* at pp. 1086-1087.)

The court then explained: "Under the common law, corporate agents acting within the scope of their agency are not personally liable for the corporate employer's failure to pay its employees' wages. [Citation.] . . . . It is 'well established that corporate agents and employees acting for and on behalf of a corporation cannot be held liable for

---

[1]     Under Labor Code section 1194, subdivision (a), "[n]otwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

inducing a breach of the corporation's contract.' [Citation.] And '[d]irectors or officers of a corporation do not incur personal liability for torts of the corporation merely by reason of their official position. . . .' [Citation.]" (*Reynolds,* at p. 1087.) The court thus concluded the plaintiff could not pursue a section 1194 action against the individual defendants, noting: "Had the Legislature meant in section 1194 to expose to personal civil liability any corporate agent who 'exercises control' over an employee's wages, hours, or working conditions, it would have manifested its intent more clearly than by mere silence after the IWC's promulgation of Wage Order No. 9." (*Id.* at p. 1088.)

In a subsequent case, *Martinez v. Combs* (2010) 49 Cal.4th 35 (*Martinez*), the court limited *Reynolds* in its application of the common law to the definition of the employment relationship under section 1194. The court held "that the applicable wage order's definitions of the employment relationship . . . apply in actions under section 1194." (*Id.* at p. 66.) While the common law definition of employment plays a role in the wage order definition of "employ," the court explained it is only one of three alternative definitions. (*Id.* at pp. 64-65.)

However this distinction is not relevant to this case. *Martinez* limited *Reynolds*, but not on the only issue that matters here. As stated in *Martinez*: "The opinion in [*Reynolds*] properly holds that the IWC's definition of 'employer' does not impose liability on individual corporate agents acting within the scope of their agency. (*Reynolds,* at p. 1086.) The opinion should not be read more broadly than that." (*Martinez*, at p. 66.)[2]

---

[2] The court further left intact the reasoning of *Reynolds* in which the court "accepted plaintiffs' concession that 'the plain language of Wage Order No. 9 defining employer does not expressly impose liability under section 1194 on individual corporate agents' (*Reynolds*, at p. 1086.) This reasoning sufficed to dispose of the *Reynolds* plaintiff's claim because, as we have explained, a claim under section 1194 is in reality a claim under the applicable wage order and thus subject to the order's definitional provisions." (*Martinez,* at p. 63, fn. omitted.)

On appeal, Zheng contends *Reynolds* stands for the proposition that liability may not be imposed under section 1194 against corporate officers and directors, but the case leaves open the possibility that individual liability *may* be imposed on other corporate agents, such as managers. *Reynolds* is not so limited. Although the particular facts of the case involved corporate directors and officers, the opinion expressly concerned individuals working as corporate agents, not just directors or officers.

Further, *Martinez* applied the reasoning of *Reynolds* to reject the plaintiffs' claim against an individual defendant. In addition to suing corporate entities, the *Martinez* plaintiffs (agricultural workers in strawberry fields) named as a defendant the field representative of Combs, one of the defendant entities for unpaid wages. (*Martinez,* at pp. 42-43.) The plaintiffs alleged that at one point the field representative told the plaintiffs to keep working, and he said he guaranteed they would be paid. (*Martinez*, at p. 47.) The plaintiffs contended the field representative "personally exercised control over their wages and hours and is thus personally liable as an 'employer' under section 1194 and Wage Order No. 14." (*Martinez,* at p. 75.) The court rejected this argument: "The claim fails under our holding in *Reynolds*, *supra*, 36 Cal.4th 1075, that the IWC's definition of 'employer' does not impose liability on individual corporate agents acting within the scope of their agency. (*Reynolds*, at p. 1086.) Plaintiffs specifically allege in the operative complaint that Ruiz, in making the alleged statements on May 27, 2000, was 'acting in his capacity as agent for [Combs] . . . .' " (*Martinez,* at p. 75.)

The reasoning of *Reynolds* and *Martinez* eliminates Zheng's claim against Wong. Zheng's claims were all brought under Labor Code section 1194. The complaint alleged each defendant was acting as an agent of the other defendants, and they acted within the scope of their agency. The evidence at trial was consistent with the allegation that Wong was an agent of Chyn King. Further, Zheng chose not to pursue an alter ego theory of liability. Under *Reynolds* and *Martinez*, Wong could not be held personally liable for actions taken within the scope of his agency for Chyn King.

5

Moreover, substantial evidence supported the trial court finding that Wong was indeed an agent of Chyn King and his exercise of managerial responsibilities was within the scope of his agency. To the extent Wong's interrogatory responses suggested he personally employed Zheng, the trial court properly weighed that evidence, determined its credibility, and rejected it in the face of Wong's otherwise undisputed trial testimony establishing he acted only as a corporate agent of Chyn King.[3] We do not reweigh the court's credibility determinations on appeal, and we resolve all evidentiary conflicts in support of the judgment.

There was no legal basis to hold Wong personally liable as an employer under section 1194. We find no error in the trial court judgment.[4]

## II.    We Decline to Impose Sanctions for a Frivolous Appeal

Wong seeks sanctions against Zheng for filing a frivolous appeal. We may find an appeal frivolous "when it is prosecuted for an improper motive—to harass the respondent or delay the effect of an adverse judgment—or when it indisputably has no merit—when any reasonable attorney would agree that the appeal is totally and completely without merit." (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650.) However, "[a]n appeal that is simply without merit is *not* by definition frivolous and should not incur

---

[3]    Zheng argues that Wong's practice of giving Zheng his cash wages in an envelope that did not identify the name and address of the legal entity employing Zheng, in violation of Labor Code section 226, subdivision (a), "established" Wong was Zheng's employer within the meaning of section 1194. We disagree. Labor Code section 226 does not expressly create such a presumption, and Zheng provides no legal authority to support this contention.

[4]    For the first time in his reply brief, Zheng contends the United States Supreme Court decision in *Burwell v. Hobby Lobby Stores, Inc.* (2014) __ U.S. __, 134 S.Ct. 2751, "trumps" *Reynolds*. We need not consider issues raised for the first time in a reply brief. (*SCI California Funeral Services, Inc. v. Five Bridges Foundation* (2012) 203 Cal.App.4th 549, 573, fn. 18.) Moreover, Zheng's scant discussion of *Hobby Lobby* fails to persuade us that the high court's conclusions regarding the definition of "person" under the federal Religious Freedom Restoration Act of 1993 have any bearing on the definition of "employer" for purposes of liability under California Labor Code section 1194.

6

sanctions . . . the punishment should be used most sparingly to deter only the most egregious conduct." (*Id.* at pp. 650-651.)

In light of the controlling authority of *Reynolds* and *Martinez*, it is difficult to see how any reasonable attorney could conclude Zheng's appeal had merit. However, we have not been presented with any clear evidence of subjective bad faith, and this appeal does not appear to fall into the category of the "most egregious conduct." We therefore decline to impose sanctions against Zheng for filing a frivolous appeal.

## DISPOSITION

The trial court judgment is affirmed. Wong shall recover his costs on appeal.

BIGELOW, P.J.

We concur:

FLIER, J.

GRIMES, J.

7